SAMUEL C. PYLE,

Defendant below, Appellant,

*vs.*

HENRIETTA KURATLE,

Complainant below, Appellee.

*Supreme Court, on appeal, June* 15, 1920.

A Court of Chancery has power to set aside a judgment obtained in an action·at law by default when the attorney for the defendant in the action was misled by a representation made by the attorney for the plaintiff in the action which led the former to believe that a judgment by default would not be asked for by the latter.

In a suit in a Court of Chancery to vacate a default judgment based on notes alleged to have been fraudulently obtained, Chancellor, on deciding that judgment should be vacated, was not required to try and determine the merits of the case.

APPEAL FROM COURT OF CHANCERY.· From a decree entered in the Court below the defendant appealed. The facts, in addition to those appearing in the opinion of the Supreme Court, appear in the report of the case below at *ante p.* 112, 107 *Atl.* 788.

Argued before PENNEWILL, C. J., and BOYCE, CONRAD, RICE and HEISEL, J. J.

*Daniel O. Hastings,* for the appellant.

*Leonard E. Wales* and *Herbert H. Ward,* for the appellee.

PENNEWILL, Chief Justice, delivering the opinion of the Court:

This is an appeal from a decree of the Court of Chancery vacating a judgment recovered by default on certain promissory notes alleged to have been fraudulently obtained by the plaintiff from the defendant. The decree was based on the fact that counsel for the defendant was so misled, deceived and lulled to rest by the representation of plaintiff's counsel, that the suit in question would be pleaded to issue and tried with another suit pending between the same parties, that he did not file an affidavit of defense which he otherwise would have done. The case was not pleaded to issue, but on the day the representation was made,

which was the first day of the term, counsel for plaintiff filed an affidavit of demand and subsequently at the same term took judgment for default. We do not think the representation complained of was made for the purpose of deceiving or misleading defendant's counsel so that he would not file an affidavit of defense. When plaintiff's counsel agreed that the case should be pleaded to issue he may have assumed that an affidavit of defense would be filed. But while this so, it is reasonable to believe that the representation did mislead counsel for defendant and satisfy him that judgment by default would not be asked for and the filing of an affidavit of defense would therefore be unnecessary.

It seems to be well settled that under such circumstances, it being alleged that the notes sued on were fraudulently obtained, a Court of Chancery has the power to prevent the collection of the judgment by vacating the same so that the defendant may have an opportunity to defend in the law court at a trial there had. When the Chancellor decided that the judgment in question should be vacated he was not required to try and determine the merits of the case. Because of the peculiar facts involved we think there should be given an opportunity for a trial by a jury in the court where the judgment was recovered, and where the understanding of counsel with respect to the trial could be carried out, viz. the case would be pleaded to issue and tried with another case pending between the parties.

This was perhaps the thought of the Chancellor for he says in his opinion:

"What form of relief should be given to the complainant. Where a judgment at law is vacated because obtained by fraud in the conduct thereof, does the decree award the defendant an opportunity to defend in the law court at a new trial had, or does the Court of Chancery try the legal question. Logically the former would seem natural, where the defense is a legal one. But the practice may be otherwise."

The defense could unquestionably be made in the Superior Court, and because of the facts above stated, we are of the opinion that the part of the decree of the Court below which decided the merits of the case should be reversed, and that part which vacated the judgment affirmed.

A decree will be entered accordingly.